{¶ 24} I respectfully dissent. The evidence was undisputed that in the two and one-half years leading up to Ms. Hill's petition, she watched and cared for Madison almost full time as if she were the child's mother. There was a dispute in the record as to why Ms. Hill discontinued caring for Madison. Ms. Hill's daughter testified Madison and her older sisters were at her mother's home virtually every day and she *Page 10 
was the primary care giver during the time period. The guardian ad litem, who conducted his own investigation, recommended that Ms. Hill be granted limited visitation privileges with Madison. The Ohio Supreme Court in Harrold, supra, noted that while special weight must be given to the natural parents' wishes, the failure of the trial court to use the words "special weight" is of no consequence where the trial court gave due deference to the parent's wishes before deciding whether visitation with the grandparent would be in the best interest of the grandchild. In this case, the guardian ad litem, magistrate, and trial court believed visitation with their grandmother would be in Madison's best interest. The trial court was in the best position to make that judgment, and I would not find the trial court abused its discretion in so finding.
Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1